Charles C. Gokey, CA Bar No. 295610
cgokey@engstromlee.com
ENGSTROM LEE LLC
323 N Washington Ave., Suite 200
Minneapolis, MN 55401
T. (612) 305-8349; F. (612) 677-3050
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| Gustavo Moran, as the representative of a class of similarly situated persons, and on behalf of the Aluminum Precision Products, Inc. Employee Stock Ownership Plan, <br><br> Plaintiff, <br><br> v. <br><br> ESOP Committee of the Aluminum Precision Products, Inc. Employee Stock Ownership Plan, <br><br> Defendant. | Case No. 8:24-cv-00642-MWF (ADSx) <br><br> **DECLARATION OF CHARLIE C. GOKEY IN SUPPORT OF PLAINTIFF'S FEE PETITION** <br><br> Judge: Hon. Autumn D. Spaeth <br> Discovery Cut-off: October 10, 2025 <br> Pretrial Conference: July 20, 2026 <br> Trial: August 11, 2026 |

I, Charlie C. Gokey, hereby declare and state as follows:

1.      I am a partner at the law firm of Engstrom Lee LLC, and a member of this Court's bar. I serve as counsel for Plaintiff in the above matter.

2.      I am a 2013 *magna cum laude* graduate of Georgetown University Law Center. Prior to joining Engstrom Lee in 2023 as the firm's first lateral partner, I was a partner at Robins Kaplan LLP, where I regularly litigated ERISA claims and prosecuted large-scale fraud and other corporate malfeasance, with corporate clients including UnitedHealthcare and Target Corporation. I have helped recover more than $170 million on behalf of my clients. I started my career litigating constitutional matters at all levels of the federal judiciary as a fellow at a national civil liberties organization in Washington, DC, before serving as a law clerk in the U.S. District Court for the Eastern District of Virginia. I then entered private practice, working at the international law firm, Quinn Emanuel Urquhart and Sullivan LLP.

3.      Engstrom Lee is a boutique law firm specializing in complex ERISA matters. Through deep knowledge of this notoriously complex area of the law, I and my partners have secured favorable settlements in similar actions involving misappropriation and mismanagement of an ESOP's assets. In the last year, Engstrom Lee has obtained final approval of ERISA class action settlements involving mismanagement or misappropriation of ESOP assets totaling more than $20 million,[1] obtained preliminary approval of another settlement involving failure to invest an ESOP's assets totaling $2.1 million,[2] and achieved other favorable results in other

---

[1] *See Colon v. Johnson*, No. 8:22-CV-888, 2024 WL 5133933, at *2 (M.D. Fla. Dec. 13, 2024), *report and recommendation adopted*, No. 8:22-CV-888, 2024 WL 5131566 (M.D. Fla. Dec. 17, 2024) (approving a $19 million settlement related to misappropriation of an ESOP's assets); *Cothran v. Adams*, No. 8:23-CV-00518-CEH-CPT, 2024 WL 4416790, at *1 (M.D. Fla. Oct. 4, 2024) (granting final approval of a $1.1 million settlement involving a similar failure to invest an ESOP's assets).

[2] *See* Order, *Tufano v. Pride Mobility Products Corp.*, No. 3:24-cv-00765 (M.D. Pa. Feb. 6, 2025) (granting preliminary approval of the proposed class settlement).

-1-

complex and novel ERISA actions.[3]

4. My customary billing rate as a partner at Engstrom Lee as of 2024-2025 is $750 per hour. Since joining Engstrom Lee, most of my work has been performed on a contingent basis due to the nature of my practice. But I have had at least one non-contingent engagement since joining the firm, for which I was compensated by paying clients for similar ERISA work at or above the $750 per hour rate sought here.

5. Erin Zanmiller is Engstrom Lee's Managing Senior Paralegal & Trial Manager. Ms. Zanmiller is a skilled paralegal with over 13 years of paralegal experience, including work with firms including Jones Day and Nichols Kaster. Ms. Zanmiller's customary hourly rate is $250 per hour.

6. Attached hereto as **Exhibit A** is a true and correct of the time records forming the basis of Plaintiff's fee petition. Plaintiff seeks reimbursement for 24.1 hours of attorney time and 3.8 hours of paralegal time necessarily expended in pursuing the instant motion to compel.

7. Plaintiff's counsel has voluntarily reduced the amount of time for which Plaintiff seeks reimbursement in a variety of ways. First, counsel has adjusted the hours set forth in the attached time records downward to a substantial degree. For example, Plaintiff's counsel adjusted downward many entries for drafting filings—excluding more than half of the time spent preparing the instant fee petition—and reduced most entries for correspondence about the motion to compel down to 0.1 hours, even where this frequently took longer.

---

[3] *See* Joint Status Report, *Harvey v. Bed Bath & Beyond, Inc. 401(K) Savings Plan Committee*, Case No. 2:23-cv-20376 (D.N.J. Dec. 9, 2024) (advising the Court of the parties' settlement); Michael Katz, *GE Retirees Strike Deal to Increase Time Limit to Sue Over Unpaid Pension Benefits*, Chief Investment Officer (Aug. 14, 2024), *available at* https://www.ai-cio.com/news/ge-retirees-strike-deal-to-increase-time-limit-to-sue-over-unpaid-pension-benefits/ (article discussing favorable settlement achieved in unique administrative action challenging plan amendment limiting participants' ability to challenge de-risking transactions).

-2-

DECLARATION OF CHARLIE C. GOKEY IN SUPPORT OF PLAINTIFF'S FEE PETITION
Case No. 8:24-cv-00642-MWF (ADSx)

8.      Plaintiff's counsel further seeks fees for only time spent by Plaintiff's primary counsel and paralegal, and not fees for other attorneys and staff who worked on or consulted regarding the motion to compel. Based on time records kept by Plaintiff's counsel, this results in excluding an additional 18.8 hours of attorney time.

9.      Plaintiff's counsel further does not seek reimbursement for other time that would be compensable, such as the substantial amount of time Plaintiff's counsel spent traveling from Minneapolis, Minnesota for the hearing on the motion to compel.

10.     As a result of the foregoing downward adjustments, I estimate that the attorney time set forth in Exhibit A is less than 50% of the time Plaintiff's counsel has expended in pursuing Plaintiff's motion to compel. This substantial expenditure of time was necessitated by Defendant's conduct—both its initial refusal to produce even a single document, then its refusal to cooperate in preparing the joint Local Rule 37 stipulation that the Court ordered the parties to file in connection with the motion.

11.     Plaintiff further seeks reimbursement of $1,724.94 in costs incurred in traveling to and from the hearing. These include the following:

| Item | Cost |
|---|---|
| Airfare to Hearing | $1,196.98 |
| Lodging for Hearing (as well as ~$10 in sundries purchased for hearing preparation) | $222.57 |
| Lyft to Minneapolis Airport | $44.46 |
| Lyft from LAX to Hotel | $134.70 |
| Lyft from Hotel to Courthouse | $13.95 |
| Lyft from Courthouse to LAX | $67.82 |
| Lyft from Minneapolis Airport | $44.46 |
| **TOTAL** | **$1,724.94** |

-3-

12.     These expenses are substantiated by receipts attached as **Exhibit B**.

13.     Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Responses Defendant ESOP Committee of the Aluminum Precision Products, Inc. Employee Stock Ownership Plan's Response to Plaintiff's First Request for the Production of Documents, dated December 26, 2024.

14.     Attached hereto as **Exhibit D** is a true and correct copy of email correspondence with Defendant's counsel regarding the deficient discovery responses.

15.     Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's discovery dispute letter, dated January 2, 2025, required under Local Rule 37-1.

16.     Attached hereto as **Exhibit F** is a true and correct copy of the out-of-office response that Plaintiff's counsel received from Defendant's counsel when serving Plaintiff's Local Rule 37-1 correspondence.

17.     Attached hereto as **Exhibit G** is a true and correct copy of the following article: Andrew Maloney, *Where are Big Law Billing Rates Growing the Fastest?*, American Lawyer (Jan. 24, 2024).

18.     Attached hereto as **Exhibit H** is a true and correct copy of the declaration of Theodore M. Becker, submitted in *Bolton v. Inland Fresh Seafood Corporation of America, Inc.*, No. 1:22-cv-04602 (N.D. Ga.) on January 18, 2024.

Executed this 9th day of May, 2025, in Minneapolis, Minnesota.

/s/Charlie C. Gokey
Charles C. Gokey

-4-